[No. 9267.   Department Two.   April 22, 1911.]

N. D. Chetham *et al.*, *Respondents*, v. O. E. Olson, *Appellant*.[1]

Appeal from a judgment of the superior court for King county, Robert H. Lindsay, Esq., judge *pro tempore*, entered June 14, 1910, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action on contract.  Affirmed.

*Fred H. Peterson* and *Philip D. Macbride*, for appellant.

*Bamford A. Robb*, for respondents.

Per Curiam.—The defendant, O. E. Olson, has appealed from a judgment for $1,162.04 damages, entered against him for a breach of his contract to purchase a lot of piles from the plaintiffs, N. D. Chetham and H. Bach, copartners as Chetham & Co.  Respondents, as vendors, and appellant, as vendee, entered into the following written contract:

"Seattle, Wash., July 6, 1909.

"O. E. Olson agrees to buy from Chetham & Co., a raft of tight bark fir piles estimated at 50 to 60 M. feet delivered at Seattle on the tide flats as far as tug can reach.  Price to be seven cents per ft. cash on delivery or seven and one-fourth (7¼) cents per lin. ft. one-third cash, one-third 30 days and balance 60 days.  In latter case Chetham & Co., put bill of sale in bank to be delivered to Olson on completion of contract.  Piles to be scaled and agreed upon at mouth of Skagit river where they now are, Olson agreeing to send his representative within four days and agrees to accept his representative's scale as signed for by him to Chetham & Co., (Signed) O. E. Olson."

The trial court found that, on July 9, 1909, the appellant, by his duly authorized agent, one J. E. Johnson, scaled and agreed to accept the piles at the mouth of the Skagit river; that the respondents thereupon delivered them in the harbor at Seattle; that the contract price was $3,975.39; that appellant took possession of the piles and had them towed through the Duwamish drawbridge; that he separated them, causing 9,246 lineal feet to be lost; that he thereafter refused to use, or pay for, any of them; that as soon as possible respondents sold those remaining for $2,813.35, the highest price obtainable; and that they are entitled to recover $1,162.04, their loss in the purchase price.

The appellant contends the piles were not tight barked as required by the contract; that with respondents' knowledge, he purchased them for certain public work in which tight barked piles only could be used; that Johnson was his agent only to scale the piles, not to accept them; that appellant did not accept them; that he was compelled to purchase other piles for use in the public

[1]Reported in 115 Pac. 1134.

work, paying an additional sum therefor to his damage in the sum of $540, for which he demanded judgment.

The controlling issues on this appeal are questions of fact only. We have carefully examined the evidence and conclude that it sustains the findings of the trial judge and the decree entered. We find no prejudicial error in the exclusion of any evidence offered by appellant, nor in the denial of his motion for a new trial. The circumstances of this case all support the contention of respondents that appellant's agent, who was duly authorized in that regard, not only scaled, but that he also inspected, and in writing accepted, the piles before they were shipped from the mouth of the Skagit river by the respondents, and that appellant himself, after having first accepted, later refused to use or pay for them.

The judgment is affirmed.